**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **NEW BEREAN MISSIONARY BAPTIST** | ) | |
| **CHURCH, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CAUSE NO.  1:08-cv-1584-WTL-JMS** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the motion for summary judgment filed by Defendant

State Farm Fire and Casualty Insurance Company ("State Farm").  The motion is fully briefed

and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.  The

Court also **DENIES AS MOOT** the motion of Plaintiff New Berean Missionary Baptist Church,

Inc., ("New Berean") requesting a hearing with regard to this motion.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment is appropriate

if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that

there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a

matter of law."  In ruling on a motion for summary judgment, the admissible evidence presented

by the non-moving party must be believed and all reasonable inferences must be drawn in the

non-movant's favor.  *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).  However, "[a] party

who bears the burden of proof on a particular issue may not rest on its pleadings, but must

affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material

fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

**BACKGROUND**

The following are facts of record viewed in the light most favorable to New Berean, the non-moving party.

On the morning of February 8, 2007, Angela Streeter, a trustee of New Berean and wife of James Streeter, the pastor of New Berean, called 911 and reported that she and her husband had just arrived at the New Berean church building in Anderson, Indiana, and discovered that there had been a fire in the building. The Anderson Fire Department responded to the 911 call. Because the church building was insured by a policy issued by State Farm ("the Policy"), later that morning Pastor Streeter contacted New Berean's State Farm agent to report the fire and make an insurance claim.

State Farm retained Steven Shand, a certified fire investigator, to investigate the cause and origin of the fire in the church. Shand determined that the fire had been intentionally set. After being informed of Shand's conclusion, State Farm took the recorded statements of Pastor and Mrs. Streeter and their son-in-law, Victor Kelley, who was the treasurer and trustee of New Berean. State Farm took additional recorded statements of other church trustees over the next several weeks. In addition, State Farm reviewed the files of the Anderson Fire Department and the Anderson Police Department, both of which had investigated the fire. The fire department investigator's conclusion agreed with that of Shand: the fire was intentionally set in the kitchen

area of the church building using an accelerant.  At some point State Farm began to suspect that

Pastor Streeter was responsible for the fire and that his motive was to improve the financial

situation of the church and/or himself.

In conjunction with its investigation, State Farm sent a letter to Pastor Streeter, dated

February 28, 2007, advising him of New Berean's duties under the Policy and requesting the

following information to assist in State Farm's investigation of the claim:  (1) New Berean's

constitution and articles of incorporation; (2) a list of all of New Berean's officers along with

their contact information; (3) a list of all individuals who had access to the church building; (4)

all financial records of New Berean and its entities for the eighteen months prior to the fire; and

(5) a list of all church members along with their contact information.  State Farm sent a follow-

up letter to Pastor Streeter on March 16, 2007, because it had not yet received all of the

requested documents.  By letter dated April 3, 2007, State Farm asked Pastor Streeter to provide

it with copies of New Berean's budgets for the previous two years and copies of all internal and

external audits as set out in the church's constitution and by-laws.

In late May 2007, State Farm sent letters to Pastor Streeter, Mrs. Streeter, and Mr. Kelley

requesting them to submit to Examinations Under Oath ("EUO").  The letters further requested

that each individual produce certain documents at his or her EUO, including:

- the individual's payroll check stubs, W-2 forms, federal income tax
  returns or other documents which showed income to the individual from
  any source for the years 2005 and 2006;

- "[f]or the period of January 1, 2005, through the present, all
  documentation, kept on a weekly basis of receipts and disbursements for
  the church.  (Page 15 of the [New Berean] Constitution and By Laws, 'it
  shall be the duty of the Financial Secretary to receive preserve and pay-out
  upon receipt of vouchers approved and signed by authorized personnel, all
  money paid or given to the church, keeping at all times an itemized

account of all receipts and disbursements'"; and

- monthly balance sheets indicating all receipts of the church as well as the annual records of contribution for all contributing members.

All three members appeared for their EUO; none of them provided any of the documents listed above.

In a letter dated July 2, 2007, State Farm again requested documents from New Berean, including:

- Pastor and Mrs. Streeter's and Mr. Kelley's 2005 and 2006 federal individual income tax returns;

- Any and all documentation showing donations or loans to the church, including to any of its ministries, since February 1, 2005;

- Annual records of contribution for all contributing members;

- a list of church members.

Through its attorney, New Berean informed State Farm that no list of church members existed and declined to produce the remainder of the documents. By letter dated September 18, 2007, State Farm responded by reiterating its request for the following documents:

- 2005 and 2006 tax returns for Dr. and Mrs. Streeter and Mr. and Mrs. Kelley; and

- "Names and amount of individual tithing/donation records from February 1, 2005 through May 24, 2007."

The letter also advised that the failure to produce the requested documents by October 3, 2007, "may result in denial of [the] claim due to . . . failure to cooperate and comply with the policy [c]onditions precedent to recovery." New Berean continued to refuse to produce these

documents.[1]

Based upon its investigation,[2] State Farm determined that Pastor Streeter intentionally set

the fire or directed the fire to be set and that he was motivated to do so by the financial situation

of the church and his own personal financial situation.  By letter dated January 7, 2008, State

Farm formally denied payment of New Berean's claim, stating, *inter alia*:

1.      The loss . . . is not an "accidental direct physical loss"within the meaning
        intended by the policy[,] and we believe the policy has been rendered void due to
        your conduct.

2.      The policy of insurance has been rendered void as a result of an insured causing
        and/or procuring the loss to property covered under this policy with the intent of
        obtaining insurance benefits.

                                        * * *

6.      The loss . . . resulted from dishonest or criminal acts that you or your partners
        committed, whether acting alone or in collusion with other persons, and we
        believe the policy has been rendered void due to your conduct.

7.      Pastor James Streeter, Trustee Victor Kelley, and Trustee Angela Streeter have
        failed to comply with the policy provisions which require you to cooperate with
        us in the investigation of your claim and to permit us to question you under oath
        about any matter pertaining to your claim, including your books and records, as
        detailed in the policy under Section I – Conditions, 3. Duties in the Event of Loss.

8.      Pastor James Streeter, Trustee Victor Kelley, and Trustee Angela Streeter have
        failed to comply with the policy provisions which required you to allow us to
        examine and audit your books and records, as detailed in the policy under Section

---

[1]State Farm also requested, and New Berean refused to produce, the cellular telephone records of Dr. and Mrs. Streeter and Mr. and Mrs. Kelley for February 4, 2007, through February 11, 2007.  However, in its reply brief in support of the instant motion, State Farm expressly states that it is not asserting that it is entitled to summary judgment based upon the failure to produce these records.

[2]The facts which State Farm points to in support of its conclusion that Pastor Streeter set the fire are set forth below in the course of the Court's discussion of New Berean's bad faith claim.  Suffice it to say at this point that New Berean vigorously disputes this conclusion.

I and Section II Common Conditions, 4. Examination of Your Books and
Records.

In response to the denial of its claim, New Berean filed this action.

## DISCUSSION

New Berean asserts claims for breach of contract and bad faith against State Farm for its

denial of coverage for the damages it incurred as a result of the fire.  State Farm moves for

summary judgment on both claims, each of which is discussed, in turn, below.

*Breach of Contract*

State Farm argues that it had no obligation to pay New Berean's claim because by

refusing to produce and answer questions about certain documents as described above, Pastor

and Mrs. Streeter and  Mr. Kelley breached the following provisions of the Policy:

Duties in the Event of Loss. You must see that the following are done in the event
of loss to covered property:

* * *

g.      if requested, permit us to question you under oath at such times as may be
        reasonably required about any matter relating to this insurance or your
        claim, including your books and records.

* * *

i.      cooperate with us in the investigation or settlement of the claim.

* * *

6. Legal Action Against Us. No one may bring legal action against us under this
insurance unless . . . there has been full compliance with all of the terms of this
insurance.

State Farm's argument is based upon the Indiana Supreme Court's holding in *Morris v.*

*Economy Fire & Casualty Co.*, 848 N.E.2d 663 (2006).  That case involved an insurance

company which, like the Policy in this case, provided in a section entitled "Your Duties After

6

Loss" that the insured was required to "as often as we [the insurer] reasonably require . . . submit to examination under oath."  The policy in *Morris* further required in the same section that the insurer "provide us with records and documents we request and permit us to make copies."  *Id.* at 666.  The insureds had refused to submit to an examination under oath and to provide certain documents unless the insurer first provided them with copies of their previous recorded statements.  The court in *Morris* rejected the insured's argument that these policy provisions were essentially "cooperation clauses" and should be treated as such.  Rather, the court found, each of these provisions was "an entirely separate condition that explicitly requires the policyholder to perform specific duties."  *Id.*  The court then concluded that

> [w]hile disputes regarding alleged breaches of an insured's duty under a separate "cooperation clause" may necessitate consideration of resulting prejudice to the insurance company, such prejudice is not a necessary consideration in determining the enforceability of other insurance policy provisions.

*Id.*  The court went on to hold that "[i]n refusing to submit to examinations under oath until their prior recorded statements were furnished by [the insured], the Morrises breached their policy contract."  *Id.* at 667.

State Farm essentially argues that it was entitled to deny coverage for the fire because it requested that Pastor and Mrs. Streeter and Mr. Kelley bring certain documents with them to their EUOs and they failed to do so.  *See* State Farm Reply at 7 ("State Farm was entitled to request and receive from the insureds – and also question Pastor Streeter, Trustee Angela Streeter, and Trustee Victor Kelley about – any books and records of the insureds.").  The Court does not believe that *Morris* can be read quite so broadly.

First, with regard to the individual tax returns of Pastor and Mrs. Streeter and Mr. Kelley, the Court agrees with New Berean that those documents are personal to those individuals and

therefore New Berean was not obligated to produce them. While State Farm refers to the Streeters and Kelley and "insureds," the fact is that they are insureds only with respect to their duties as clergy, trustees, and/or officers of the church. Therefore, while their refusal to produce New Berean's records is properly attributed to New Berean, their refusal to produce their own personal records is not.[3]

Next, while State Farm points to the provision in the Policy that required New Berean to "cooperate with us in the investigation or settlement of the claim," that is clearly a cooperation clause; therefore, under Indiana law in order to rely upon it State Farm must demonstrate that it was prejudiced by New Berean's failure to cooperate, which it does not attempt to do. *See Morris*, 848 N.E.2d at 666 (defining "cooperation clause" as "a 'policy provision requiring that the insured assist the insurer in investigating and defending the claim.'") (quoting Black's Law Dictionary 359 (8th ed. 2004)).

What is left, then, is the refusal of New Berean to produce documents reflecting and answer questions regarding the contributions of individual members to the church.[4] State Farm argues that under *Morris* this refusal dictates a finding that New Berean breached the Policy and

---

[3]State Farm is simply incorrect when it argues that "Pastor and Mrs. Streeter's and Mr. Kelley's U.S. Individual Income Tax Returns are books and records of the insured, inasmuch as these documents were requested in order to determine the amount of money that the Pastor and these Trustees may have donated to the Church, which, presumably, would have been deducted on their respective tax returns as charitable contributions." State Farm Reply at 7. No matter what information they contain, the individual tax returns simply cannot be categorized as records of the church.

[4]State Farm also points to the failure to produce "an itemized account of all receipts and disbursements [of all money paid or given to the Church]." However, viewing the evidence of record in the light most favorable to New Berean, these records were produced by New Berean; indeed, they were not referenced in State Farms letter of September 18, 2007.

thereby relieved State Farm of its own obligations under the Policy.  In so arguing, State Farm ignores the fact that only a *material* breach by New Berean would affect State Farm's obligations under the Policy.  "A material breach is one that goes to the heart of the contract, and whether a breach is material is generally a question of fact to be decided by the trier of fact." *Steve Silveus Ins., Inc. v. Goshert*, 873 N.E.2d 165, 175 (Ind. App.2007).  Unlike in *Morris* and the other case cited by State Farm, *Employers Mutual Casualty Co. v. Skoutaris*, 453 F.3d 915 (7th Cir. 2006), New Berean did not refuse to submit to an EUO; nor did it refuse to produce the vast majority of information sought by State Farm.  Rather, New Berean balked at providing a particular category of information on the ground that the information was not relevant to State Farm's investigation and to produce it would violate the privacy of its contributing members. Whether this refusal–in light of all of the documents and information New Berean did produce–constituted a material breach of the Policy is a question of fact that cannot be resolved on summary judgment.

Further, the court in *Morris* did, as State Farm points out, note that "[t]he policy contract does not itself impose an explicit general 'reasonableness' requirement on the insurer regarding *what* documentation the insurer might demand of the insured or in *what* context the insurer might ask for an examination under oath," *Morris,* 848 N.E.2d at 667 (emphasis in original), and State Farm quite understandably argues that this precludes an insured from refusing to provide information pursuant to an EUO clause on the ground that the insurer's request is unreasonable. However, the court's statement in the very next paragraph of *Morris* belies that reading:

> We decline to give extensive treatment to the Morrises' broader argument that an insured should not be required to comply with "outrageous and unreasonable demands" by the insurer.  A single request for a statement under oath from each of the Morrises is reasonable on its face, and the Morrises supply no basis for any

single document request being "outrageous" or "unreasonable."

*Id.* (citation omitted).  In this case the Court believes New Berean has raised a question of fact regarding whether State Farm's request for its members' individual contribution records was unreasonable in light of the other information and documents State Farm had regarding the financial situation of the church and its gross receipts and expenses.

Given these genuine issues of material fact, State Farm's motion for summary judgment on New Berean's breach of contract claim is **DENIED**.

### *Bad Faith*

State Farm also moves for summary judgment on New Berean's bad faith claim.  In order to prevail on this claim, New Berean must demonstrate that State Farm denied its claim "without a rational, principled basis for doing so" and acted with "a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will."  *Lummis v. State Farm Fire & Cas. Co.*, 469 F.3d 1098, 1100 (7th Cir. 2006) (citations and internal quotation marks omitted).  State Farm argues that no reasonable jury could so find in this case because it based its claim denial on (1) New Berean's failure to provide the information it requested during the course of the investigation and (2) its determination that Pastor Streeter intentionally set the fire.

While the issue is a close one, and while the Court recognizes that New Berean's burden is a heavy one, the Court declines to find as a matter of law that State Farm did not act in bad faith in this case.  If the jury determines that New Berean did not materially breach the contract by failing to produce the documents discussed above, it might also reasonably determine that State Farm's insistence upon obtaining information it did not need and/or was not entitled to and then denying the claim when New Berean refused to produce it was in bad faith.  Of course, the

10

jury might also determine that New Berean *did* materially breach the contract, or it may determine that it did not but State Farm nonetheless reasonably believed it did. The point is that these are determinations for the jury, not the Court, to decide.

With regard to State Farm's determination that Pastor Streeter intentionally caused the fire, State Farm points to evidence which it asserts supports that determination and argues that even if the jury ultimately views the facts differently than it did, the existence of those facts demonstrates that it had a rational basis for its conclusion. Specifically, State Farm points to the fact that there is no dispute that the fire was intentionally set; that Pastor Streeter had the opportunity to set it; that Pastor Streeter would benefit financially if New Berean received the insurance proceeds and therefore had the motive to set it; and that the investigation has not revealed anyone else with motive and opportunity. These facts are unremarkable, however; it is not surprising that the pastor of a church would have ample opportunity to be alone in the church building long enough to start a fire, and while the evidence suggests that a financial motive may have existed, it does not suggest that the financial situation of either the church or the Streeters was desperate. And viewing the facts in the light most favorable to New Berean, State Farm really had nothing else other than these unremarkable facts upon which to support its determination that Pastor Streeter was responsible for the fire. *Cf. Lummis,* 469 F.3d 1090 (summary judgment appropriate on bad faith claim with following facts: insured had not made a mortgage payment in almost two years; mortgage holder had obtained foreclosure decree the day before the fire; insured had special knowledge regarding accelerants because he was a volunteer firefighter; insured purchased gasoline the morning of the fire; insured's girlfriend removed her dog from the house before the fire started; and insured took his time coming home from work

11

after being informed of the fire and displayed a "nonchalent and cavalier" to insurance agent when reporting the claim).  Based upon the facts of record in this case, the Court determines that the question of whether State Farm acted with bad faith when it denied New Berean's claim may well come down the credibility of Pastor Streeter's testimony regarding his own actions and the credibility of the testimony of State Farm's decisionmakers regarding their own motivation, and those are determinations that must be left for the jury to make.

## CONCLUSION

For the reasons set forth above, State Farm's motion for summary judgment is **DENIED** in its entirety.  The parties are reminded of the Pre-Trial Preparation deadlines contained in paragraph VIII of the case management plan in this case requiring certain documents to be filed beginning two weeks prior to the final pretrial conference.

SO ORDERED:   05/18/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

12

Copies to all counsel of record via electronic notification